UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

ALAN WHITEMAN, on
behalf of himself and all others
similarly situated,

    Plaintiff,

v.

AGA SERVICE COMPANY, INC., a
foreign corporation,

and

JETBLUE AIRWAYS CORPORATION,
a foreign corporation,

    Defendants.

_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441 and 1446 and the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of all defenses and objections, Defendants, AGA SERVICE COMPANY, INC. ("AGA") and JETBLUE AIRWAYS CORPORATION ("JetBlue") (collectively, "Defendants"), hereby remove this case from the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, Defendants state:

1

## I.  BACKGROUND

1. On March 16, 2022, Plaintiff ALAN WHITEMAN ("Plaintiff") filed a civil action against Defendants in the Circuit Court of the Seventeenth Judicial Circuit, Broward County, Florida, entitled *Alan Whiteman v. AGA Service Company, Inc. v. JetBlue Airways Corporation*, Case No. CACE-22-003979 (Div. 8) ("State Court Action" or "Complaint").

2. On March 25, 2022, AGA and JetBlue were each served with a Summons and the Complaint, amongst other papers, through their Registered Agents. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

3. Plaintiff is bringing the State Court Action as a putative class action "on behalf of himself and all others similarly situated." Plaintiff alleges that "[o]n August 14, 2019, Plaintiff purchased a trip insurance policy from AGA while purchasing an airline ticket on JetBlue's website," Complaint, ¶ 30, and claims that it was never disclosed to him by either AGA or JetBlue "that JetBlue received a fee from AGA in exchange for directing Plaintiff to AGA's insurance policy." *Id.* at ¶¶ 30, 31. Plaintiff further alleges that he "would not have purchased the policy" had he known about the fee being paid to JetBlue, and that he, and the putative class members, have been injured by the Defendants' alleged actions. *Id.* at ¶¶ 33, 60, 80, 90.

4. The Complaint purports to assert three claims on behalf of Plaintiff and the putative class members:

- Count I against AGA seeks "a declaration that AGA's practice of charging a fee, which is then passed on to a travel retailer, breaches … [AGA's travel insurance] policy on its face." Complaint, ¶ 71; *see also id.* at Prayer for Relief (c) (seeking "[a] declaratory judgment that AGA breached its policies with the AGA class members").

- Count II against JetBlue alleges that JetBlue's purported "unfair and deceptive acts and practices" in connection with its receipt of fees from AGA and other insurers violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and "seeks an injunction prohibiting JetBlue from continuing to engage in violations of FDUTPA." *Id.* at ¶¶ 77, 79 and 81; *see also id.* at Prayer for Relief (d) (seeking "[a]n injunction against JetBlue prohibiting it from continuing its deceptive practices concerning the marketing of travel insurance products on its website").

- Count III against JetBlue seeks "a declaration that JetBlue's undisclosed receipt of fees from consumers related to the purchase of travel insurance for JetBlue flights breached the contract of carriage [between JetBlue and its customers]." *Id.* at ¶ 101; *see also id.* at Prayer for Relief (e) (seeking "[a] declaratory judgment that JetBlue breached its contract of carriage with the JetBlue Class Members").[1]

5. Plaintiff seeks certification of the following class for the declaratory judgment claim against AGA (Count I):

> The AGA Class consists of and is defined as all Florida citizens including Plaintiff who: (1) on or after March 16, 2017, (b) purchased a travel insurance policy from AGA through the website of a travel retailer, and (c) had AGA pay a fee to the travel retailer as a result of the purchase of the travel insurance policy. The class period will be from March 16, 2017, to the date of class certification (hereinafter the "Class Period").

Complaint, ¶ 39.

---

[1] In addition to the requests for declaratory and injunctive relief, Plaintiff also seeks, among other things, "[t]he costs of suit including reasonable attorney's fees in accordance with Section 627.428, Florida Statutes, and FDUTPA." *Id.* at Prayer for Relief (e).

6. Plaintiff seeks certification of the following class for the FDUTPA claim seeking an injunction against JetBlue (Count II) and the claim for declaratory judgment against JetBlue (Count III):

> The JetBlue Class consists of all Florida citizens including Plaintiff who: (a) on or after March 16, 2017, (b) purchased a travel insurance policy from a travel insurer through JetBlue's website after purchasing a JetBlue flight, and (c) had JetBlue receive a fee as a result of the purchase of the travel insurance policy. The JetBlue Class period will be from March 16, 2017, to the date of class certification (hereinafter the "Class Period").

Complaint, ¶ 40.

7. Plaintiff alleges that there are "common questions of law and/or fact shared by Plaintiff and each member of the AGA Class and JetBlue Class" and seeks class certification of the claims pursuant to Fla. R. Civ. P. 1.220(b)(1)(A) and Fla. R. Civ. P. 1.220(b)(2). Complaint, ¶¶ 45, 48-51.[2]

8. This case is properly removed to this Court as the district and division within which the State Court Action was brought. *See* 28 U.S.C § 1446(a).

## II. GROUNDS FOR REMOVAL[3]

9. The State Court Action is removable and this Court has subject matter jurisdiction over this action in accordance with CAFA. *See* 28 U.S.C § 1332(d) (providing for original jurisdiction over this putative class action) and 28 U.S.C §§ 1441(a) and 1453(b) (providing for removal of this putative class action).

---

[2] The corresponding class certification provisions under the Federal Rules of Civil Procedure are Fed. R. Civ. P. 23(b)(1)(A) and Fed. R. Civ. P. 23(b)(2). Defendants deny that certification of this action would be proper or appropriate.

[3] A notice of removal need only contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C § 1446(a). Copies of all such materials served upon AGA and JetBlue are attached hereto as Composite Exhibit A.

10. Unlike cases involving traditional diversity jurisdiction where there is a presumption against removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014). *See also Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014) ("Applying this binding precedent from the Supreme Court [*Dart*], we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions.").

11. As the Eleventh Circuit has made clear:

> CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members.

*South Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). All three of the requirements for federal subject matter jurisdiction under CAFA are clearly met here.

### A. Each of the Putative Classes Easily Exceeds 100 Members

12. Plaintiff alleges "that based upon information and belief, there are tens of thousands of individuals throughout the State of Florida who are potential AGA Class members and/or JetBlue Class members in this action." Complaint, ¶ 43. Plaintiff further alleges that "the members of the AGA Class and JetBlue Class will be ascertainable through AGA's and JetBlue's electronic records, data, and databases." *Id.* at ¶ 44.

13. Based on a review of AGA's records relating to the travel protection plans that include travel insurance policies sold by AGA to Florida residents through offers presented on the websites of AGA's Travel Retail partners during the Class Period, the AGA Class contains more

than two million members. *See* Declaration of Emily Hartman ("Hartman Decl."), attached hereto as Exhibit B, ¶ 4.

14. Based on a review of AGA's records relating to the travel protection plans that include travel insurance policies sold by AGA to Florida residents through offers presented on JetBlue's website during the Class Period, the JetBlue Class contains more than 350,000 members. *See* Hartman Decl., ¶ 6.

15. Given these facts, the 100-member numerosity requirement of CAFA has clearly been met in this case. *See* 28 U.S.C § 1332(d)(2), (5).

   **B.   There is Minimal Diversity Among the Parties**

16. CAFA requires only "minimal diversity" meaning that at least one member of the putative class is a citizen of a different state than any one defendant. *Hill v. Nat'l Ins. Underwriters, Inc.*, 641 F. App'x 899, 901-02 (11th Cir. 2014). That is clearly the case here.

17. Plaintiff acknowledges that he "is an individual who is domiciled in, and is a citizen of, Florida." Complaint, ¶ 7. Likewise, Plaintiff is seeking to represent a putative class of Florida citizens. *Id.* at ¶¶ 39, 40. Thus, for purposes of jurisdiction under CAFA, Plaintiff and all of the putative class members are citizens of Florida.

18. AGA is incorporated in Virginia and has its principal place of business in Virginia. *See* Hartman Decl., ¶ 2. Moreover, Plaintiff correctly alleges that JetBlue "is a Delaware corporation with its principal place of business in New York." Complaint, ¶ 9. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C § 1332(c)(1). Thus, for purposes of jurisdiction under CAFA, AGA is a citizen of Virginia and JetBlue is a citizen of Delaware and New York.

19. Given these facts, the minimal diversity requirement of CAFA has clearly been met in this case. *See* 28 U.S.C § 1332(d)(2); *Rausnitz v. Transamerica Life Ins. Co.*, 2019 WL 8989939, *1 (S.D. Fla. Dec. 10, 2019) ("uncontradicted allegations in the notice of removal are sufficient to establish diversity between the parties").

**C.  The Amount in Controversy is in Excess of $5,000,000**[4]

20. CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C § 1332(d)(2). Under CAFA, "the claims of the individual [putative] class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C § 1332(d)(1)(D) and (d)(6).

21. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. "[W]hen a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. "'The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.'" *South Fla. Wellness*, 745 F.3d at 1315 (citation omitted).

22. Plaintiff seeks declaratory relief against AGA and both declaratory and injunctive relief against JetBlue in the State Court Action. "'For amount in controversy purposes, the value

---

[4] Defendants provide the calculation of the amount at issue solely for purposes of evaluating the amounts in controversy under CAFA. Defendants deny that Plaintiff, or any putative class member, is entitled to obtain declaratory and/or injunctive relief from either Defendant or recover any amount of damages from either Defendant.

7

of the injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective.'" *South Fla. Wellness,* 745 F.3d at 1315 (citation omitted).[5]

23. The object of the claims for declaratory relief from Plaintiff's perspective is clearly set forth in the Complaint. In Count I, Plaintiff seeks a "declaratory judgment that AGA breached its policies with the AGA Class Members" by "*charg[ing] a fee*, which was passed on to a travel retailer, that was not disclosed in the policy" and by "misstat[ing] the cost of the travel insurance." Complaint, ¶¶ 56, 57, Prayer for Relief (c) (emphasis supplied). In Count III, Plaintiff seeks a "declaratory judgment that JetBlue breached its contracts of carriage with the JetBlue Class Members" by its "undisclosed *receipt of payments* from travel insurers, including AGA, related to the purchase of travel insurance for JetBlue flights." *Id.* at ¶87, Prayer for Relief (e) (emphasis supplied). The Complaint is thus centered on the alleged impropriety of fees paid by AGA and received by JetBlue and its purpose is to establish that Defendants breached their respective contracts with Plaintiff and the putative class members, thereby allegedly causing injury to Plaintiff and the class members. *Id.* at ¶¶ 60, 90.

24. The values of the fees paid by AGA to travel retailers and fees received by JetBlue thus provide the appropriate measure of the "amount in controversy" as to each Defendant. *See, e.g., South Fla. Wellness*, 745 F.3d at 1316-17 (amount in controversy in action solely seeking

---

[5] "'The general rule is that claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other.'" *Elite Mitigation Servs. LLC v. Westchester Surplus Lines Ins. Co.*, 2019 WL 10888657, *1 (N.D. Fla. Nov. 11, 2019) (citation omitted). *See also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 927 (11th Cir. 2019) (adding together both claims against defendant to determine amount in controversy). Thus, the value of each of the two claims against JetBlue are to be totaled in determining the amount in controversy with regard to JetBlue. Because, as detailed below, the declaratory judgment claim against JetBlue alone has a value greater than $5,000,000, Defendants need not, and will not, separately address the value of the FDUTPA claim for injunctive relief asserted against JetBlue in Count II of the Complaint.

declaration that insurance company made insufficient payments included amount of money damages plaintiffs could ultimately seek in a later proceeding); *Camoco, LLC v. Leyva*, 2018 WL 4178721, *2 (M.D. Fla. Aug. 31, 2018) (For purposes of determining amount in controversy, "[t]he value of a declaration declaring that [defendant] violated his [contract] is worth over $100,000 to [plaintiff] because [plaintiff] would be able to use that declaration to seek over $100,000 in damages in a separate FDUTPA or breach of contract action against [defendant].").

25. Based on a review of AGA's records of fees AGA paid to its Travel Retail partners in connection with the purchase by Florida residents of AGA's travel insurance plans that include travel insurance policies during the Class Period, the fees paid by AGA exceed $20 million. *See* Hartman Decl., ¶ 5.

26. Based on a review of AGA's records of fees AGA paid to JetBlue in connection with the purchase by Florida residents of AGA's travel insurance plans that include travel insurance policies during the Class Period, the fees paid to JetBlue exceed $10 million. *See* Hartman Decl., ¶ 7.[6]

27. The value of the declaratory judgment claims is not affected by the fact that Plaintiff and the putative class are, at this stage, seemingly seeking only declaratory relief. As explained *supra*, in *South Florida Wellness,* the Eleventh Circuit, in assessing the amount in controversy in a CAFA case, valued a claim for declaratory relief which did not seek money damages to include the value of the damages to which the Plaintiff and putative class might be entitled should they

---

[6] Plaintiff also alleges that he would not have purchased his policy had he known about the undisclosed fees, Complaint, ¶ 33, arguably suggesting that he might be entitled to recover the cost of his policy. He is not. But, if he and the putative class members were entitled to damages in the amount of the cost of the travel insurance plans that include travel insurance policies during the Class Period, the amount in controversy would be more than $50 million. *See* Hartman Decl., ¶ 5.

prevail on their request for declaratory relief. *South Florida Wellness*, 745 F.3d at 1316-17. In so ruling, the Court explained that the value of the damages must be included in the calculation because the notion "that class members armed with a declaratory judgment would not later seek out the additional payment they are owed . . . is contrary to human nature and the nature of lawyers." *Id*. at 1316.[7]

28. Nor does Plaintiff's explicit assertion in the Complaint that he is not seeking money damages, Complaint, ¶ 13, materially change the amount in controversy calculation. In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that a stipulation by a class action plaintiff that he would not seek damages in excess of $5,000,000 did not "remove the case from CAFA's scope" because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified" and, thus, such a stipulation "does not reduce the value of the putative class members' claims." *Id.* at 590, 593.

29. Plaintiff is also seeking attorney's fees under Section 627.428, Florida Statutes, and FDUTPA, Complaint, Prayer for Relief (e), which amount may be included in the amount in controversy calculation. *See Leslie v. Conseco Life Ins. Co.*, 2012 WL 4049965, *3 (S.D. Fla. Sept. 13, 2012) ("'When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.'") (citation omitted).

30. Given these facts, the $5,000,000 amount in controversy requirement of CAFA has clearly been met in this case. *See* 28 U.S.C § 1332(d)(2).

31. Because all of the requirements for federal court jurisdiction under CAFA have been satisfied, this case was properly removed under CAFA.

---

[7] Plaintiff has already set the stage for seeking damages at a later time by asserting in the Complaint that "the Court may grant further, or supplemental relief based on a declaratory judgment." Complaint, ¶¶ 69, 99.

32. A copy of Defendants' Notice of Removal is being filed with the Clerk of Court of the Circuit Court of the Seventeenth Judicial Circuit, Fort Lauderdale, Florida, and written notice is being given to Plaintiff in accordance with 28 U.S.C § 1446(d).

33. Defendants reserve the right to amend or supplement this Notice of Removal and further reserve all of their defenses and objections to Plaintiff's claims. Defendants will respond to the Complaint as required by Fed. R. Civ. P. 81(c).

WHEREFORE, Defendants remove the above-captioned action from the Florida state court to the United States District Court for the Southern District of Florida.

DATED: April 14, 2022

                              *s/ Lazaro Fernandez, Jr.*
                              Lazaro Fernandez, Jr.
                              Fla. Bar No. 716545
                              Email: lfernandez@stackfernandez.com
                              **STACK FERNANDEZ & HARRIS, P.A.**
                              1001 Brickell Bay Drive, Suite 2650
                              Miami, Florida 33131
                              Tel: (305) 371-0001

                              -and-

                              Gayle I. Jenkins, Esq. (*Pro Hac Vice* motion forthcoming)
                              Email: gjenkins@winston.com
                              **WINSTON & STRAWN LLP**
                              333 South Grand Avenue, 38th Floor
                              Los Angeles, CA 90071-1543
                              Tel: (213) 615-1863

                              *Attorneys for Defendants, AGA Service Company, Inc. and JetBlue Airways Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 14, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF filing system, and furnished to all interested parties and counsel of record identified on the attached Service List in the manner specified.

*s/ Lazaro Fernandez, Jr.*

## SERVICE LIST

Alec Schultz, Esq.
HILGERS GRABEN PLLC
Attorneys for Plaintiff
1221 Brickell Avenue. Suite 900
Miami, Florida 33131
Tel.:  305-630-8304
Email:  aschultz@hilgersgraben.com
(Service via E-mail and U.S. Mail)